UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Chapter 13 No. 12-45310
Kory Johnson and
Loleta Johnson  Hon. Thomas J. Tucker
              Debtors.
_____/

## OBJECTIONS TO CONFIRMATION

NOW COMES Nationstar Mortgage, LLC, by and through their attorneys, Trott & Trott, P.C., and hereby Objects to Confirmation as follows:

1. That Creditor is a holder of a mortgage on real property owned by the debtor(s) and located at 28012 Bay Berry St, Romulus, MI 48174-3182;

2. That the mortgage is in material default pursuant to the Proof of Claim filed by Creditor;

3. That the Debtor's Plan as proposed will not cure the arrearage within its stated terms as required by 11 U.S.C. Section 1322(b)(5) and 1325(a)(5);

4. That the Debtor's Plan of Reorganization proposes to strip the lien on the second mortgage alleging there is no equity in the home to support any portion of the second mortgage;

5. That according to Creditor's Proof of Claim, Creditor must receive the regular monthly payment of $170.40 plus a pre-petition arrearage of $483.04 at the rate of at least $13.42 per month in order for the arrearage to be cured within a reasonable length of time, i.e., 36 months;

6. That the Debtor's proposed Plan of Reorganization fails to include the ongoing monthly mortgage payment;

7. That the debtor's proposed Plan of Reorganization is underfunded;

8. That as of March 5, 2012 the mortgage total debt was $26,070.96 and is not subject to modification pursuant to 11 U.S.C. Section 1322(b)(2);

TROTT & TROTT, P.C.
31440 NORTHWESTERN
HIGHWAY, SUITE 200
FARMINGTON HILLS, MI
48334-2525
PHONE 248.642.2515
FACSIMILE 248.642.3628

9. That the Debtor has failed to provide any evidence that the property is worth less than the total debt on the senior lien;

10. That the Creditor is entitled to have a complete appraisal of the subject property;

11. That Creditor is entitled to a declaratory action to determine the validity and extent of its lien in order to satisfy due process. FRBP 7001 provides in pertinent part, "An adversary proceeding...is a proceeding...(2) to determine the validity, priority, or extent of a lien...";

12. That when a party asks the Bankruptcy Court to determine the extent of a lien or the value of the collateral forming the basis of the lien, adversary proceedings are required as contemplated by FRBP 7001(2) and FRBP 3012. <u>Wright v. Commercial Credit Corporation</u>, 178 B.R. 703 (E.D. Virginia 1995);

13. That upon information and belief, there is equity in the subject property above and beyond the first mortgagee's lien which entitles Creditor to a fully secured lien on the subject property which cannot be crammed down or modified;

WHEREFORE, Creditor prays that Confirmation be denied.

Respectfully Submitted,
Trott & Trott, P.C.

Dated: April 23, 2012

/S/ Crystal Price-Buckley (P69921)
/S/ Shawn C. Drummond (P58471)
Attorney for Nationstar Mortgage, LLC
31440 Northwestern Highway, Suite 200
Farmington Hills, MI 48334-2525
248.642.2515
Email: EasternECF@trottlaw.com

T&T #402287B01

TROTT & TROTT, P.C.
31440 NORTHWESTERN HIGHWAY, SUITE 200
FARMINGTON HILLS, MI 48334-2525
PHONE 248.642.2515
FACSIMILE 248.642.3628